Filed 6/18/25  Bacon v. Cal. Dept. of Motor Vehicles CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| JOHN HENRY BACON, Plaintiff and Appellant, v. CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, Defendant and Respondent. | D083829 (Super. Ct. No. 37-2019-00051544-CU-PT-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Ronald F. Frazier, Judge.  Affirmed.

John Henry Bacon, in pro. per., for Plaintiff and Appellant.

Rob Bonta, Attorney General, Chris A. Knudsen, Assistant Attorney General, Alice Quinton, Deputy Attorney General, for Defendant and Respondent.

John Henry Bacon appeals from an adverse judgment after a summary judgment ruling in favor of the California Department of Motor Vehicles (DMV) in his action challenging the DMV's suspension of his driver's license. Finding no error, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

*A. DMV's Summary Judgment Evidence*

In March 2017, officers of the Torrance Police Department stopped Bacon at a DUI and driver's license checkpoint. Bacon repeatedly refused to provide his driver's license and insisted he was not required to do so. The officers informed him he was required to provide his driver's license under Vehicle Code section 12951, subdivision (b).[1] After about 15 minutes of back and forth, an officer attempted to turn off the ignition of Bacon's running vehicle and remove the key for safety reasons. Bacon physically tried to prevent him from doing so. One officer had to restrain Bacon so that another officer could remove the key. Bacon finally agreed to provide his license after the officers threatened to place him under arrest. During their interaction with Bacon, the officers observed no sign of impairment with alcohol or narcotics.

After the incident, Officer Horikawa filled out a form requesting a DMV reexamination of Bacon and checked a box indicating concern about Bacon's "Mental/Emotional Condition." In the space provided to describe the events leading to the request for reexamination, Officer Horikawa wrote: "Driver Bacon was contacted in DUI/CDL checkpoint and refused to comply with 12951(b) CVC despite numerous explanation attempts of the Vehicle Code. Bacon insisted he was not subject to the Vehicle Code specifically DUI/CDL checkpoints and having to show his CDL to a police officer."

On April 5, 2017, the DMV served Bacon with a "Notice of Reexamination Appointment" for an in-person examination on May 15, 2017.

---

[1] Vehicle Code section 12951, subdivision (b) provides: "The driver of a motor vehicle shall present his or her license for examination upon demand of a peace officer enforcing the provisions of this code." Unless otherwise specified, all further statutory references are to the Vehicle Code.

2

The DMV also provided Bacon with a blank Driver Medical Evaluation (DME) form for a medical professional to complete indicating whether Bacon suffered from any physical or mental conditions that would impair his ability to drive safely. The form instructed Bacon to have his physician fill it out and return it to the DMV by May 5, 2017.

Bacon appeared at the DMV for the reexamination hearing on May 15, 2017, but did not provide the DME form. He told the examiner he had not refused to show his driver's license to law enforcement at the checkpoint, and he simply had questions for the officers about why he was being asked to do so. The DMV provided Bacon with another blank DME form and asked him to return it by May 22, 2017.

On or about May 21, 2017, Bacon submitted a partially completed DME, but the portions that were supposed to be filled out by a medical professional were left blank, including a portion on Alzheimer's disease and other cognitive impairments.

On May 22, 2017, the DMV examiner issued an order suspending Bacon's license under section 13801. The order stated that Bacon's license would remain suspended until he completed the reexamination process by providing the required medical records.

On May 23, 2017, Bacon submitted documents to the DMV including a one-page statement by him and an October 2016 pre-surgical medical report. The medical report indicated that Bacon was 78 years old and was at the time alert and oriented, his mood and affect were normal, he had appropriate judgment and insight, and his memory was grossly intact. However, Bacon did not submit a completed DME form.

On June 2, 2017, the DMV sent another notice to Bacon stating that the DME form he had provided was incomplete. The notice stated: "Please

3

have your health care provider most familiar with your medical history complete and sign pages 2-5 addressing all Physical/Mental Conditions. Please return on or before 06/26/2017."

Bacon never submitted a completed DME form. During the course of this litigation, he has informed the court "that will never happen" and stated to counsel for the DMV that "no physician will certify him as free of medical conditions affecting his ability to drive."

B. *Bacon's Opposition Evidence*

In opposition to the DMV's summary judgment motion, Bacon submitted a Westlaw printout, a copy of his driver's license and driving record, his driver's knowledge test results, his automobile insurance policy, the incident report from the DUI checkpoint, and the DMV notice of reexamination appointment and report.

C. *Trial Court Proceedings*

In September 2019, Bacon filed a pro per petition challenging the suspension of his driver's license. The petition is not included in the appellate record.[2]

In July 2022, the DMV filed a motion for summary judgment arguing that Bacon's driver's license was lawfully suspended under section 13801 because he failed to complete the required medical reexamination process by submitting a completed DME signed by a medical professional. In his

---

[2] According to the DMV's brief, Bacon's complaint was on a Judicial Council form, and he checked the boxes for "Motor Vehicle" and "General Negligence" causes of action. He also indicated he was seeking compensatory and punitive damages. In an attachment, Bacon asserted that he was seeking to reverse the suspension of his license and requesting injunctive relief to have it reinstated "after passing current written, driving, and eye exams; and the submission of a doctor signed medical question form that is similar to that requested from most driver's license renewal applicants."

opposition, Bacon argued that the DMV's suspension of his license was improper because he was a safe and competent driver, he received a perfect score on a DMV driver knowledge test, he had a near perfect driving record, and he maintained automobile insurance. Bacon did not dispute that he had failed to submit a completed DME form during the DMV reexamination process but asserted that the DMV had no basis to request one from him.

After a hearing, the trial court granted the DMV's motion for summary judgment and concluded that Bacon had "not demonstrated the existence of any triable issue of material fact." The court thereafter entered judgment in favor of the DMV.

## DISCUSSION

Bacon contends that the trial court erred by granting summary judgment in the DMV's favor. On appeal from a summary judgment order, we review the record de novo to determine whether triable issues of material fact exist. (*Carver v. Volkswagen Group of America, Inc.* (2024) 107 Cal.App.5th 864, 877.) We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party. (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347.)

Based on our independent review of the record, we agree with the trial court that there are no triable issues of material fact and the DMV is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) Vehicle Code section 13800, subdivision (f) provides that the DMV may conduct an investigation to determine whether to suspend a person's license "upon receiving information or upon a showing by its records . . . [t]hat any ground exists for which a license might be refused." One such ground is that the person has a "physical or mental disability, disease, or disorder which could

5

affect the safe operation of a motor vehicle unless the department has medical information which indicates the person may safely operate a motor vehicle." (Veh. Code, § 12806, subd. (c).) Vehicle Code section 13801 further provides that "[i]n addition to the investigation, the department may require a re-examination of the licensee" and "[i]f the licensee refuses or fails to submit to the re-examination, the department may peremptorily suspend the driving privilege of the person until such time as the licensee shall have submitted to re-examination." By regulation, moreover, the DMV "shall consider it a failure to submit to or complete the reexamination if" the individual "fails to provide any information requested by the department" or the DMV "does not receive a required medical evaluation of the individual by the date required . . . ." (Cal. Code Regs., tit. 13, § 100.01, subd. (a)(2) & (6).)

Here, it is undisputed that the DMV received a request for reexamination of Bacon from Officer Horikawa based on his assessment of Bacon's "Mental/Emotional Condition" at the checkpoint, and Officer Horikawa explained on the form that Bacon had refused to provide his driver's license upon request, in violation of section 12951, subdivision (b), and had "insisted he was not subject to the Vehicle Code . . . ." This information was at least sufficient for the DMV to conclude there may be grounds "for which a license might be refused." (§ 13800, subd. (f).) The DMV is not powerless to initiate reexamination proceedings against a driver who believes he is not subject to the Vehicle Code and does not have to comply with a lawful request for his driver's license, and whose noncompliance at a lawful checkpoint causes an officer to request a DMV reexamination based on his personal observations of the driver's mental condition. Officer Horikawa's request for reexamination, his evident concern about Bacon's mental condition, Bacon's insistence that he was not subject to

6

the Vehicle Code, and his refusal to comply with a lawful request for his driver's license were a sufficient basis for the DMV to initiate reexamination proceedings to determine whether Bacon had any mental condition that could affect his ability to operate a vehicle safely.

Nor is there any genuine dispute that Bacon failed to complete the DMV reexamination proceedings. Despite repeated requests by the DMV, Bacon never submitted a completed DME form signed by a medical professional who could attest to his physical and mental capacity to drive a vehicle safely. On the contrary, Bacon told counsel for DMV that "no physician will certify him as free of medical conditions affecting his ability to drive." As a matter of law, Bacon's failure to submit a completed DME form upon request as part of the reexamination proceedings constituted a lawful basis for the DMV to suspend his license under Vehicle Code section 13801 and title 13, section 100.01 of the California Code of Regulations.

None of the evidence submitted by Bacon raises a triable issue as to any of these material facts. Although Bacon contends he is a safe driver and has a good driving record, that alone did not prevent the DMV from initiating reexamination proceedings and requesting a DME based on the information provided by Officer Horikawa. None of Bacon's other evidence or arguments demonstrates a triable issue of material fact as to the relevant events or the lawfulness of the DMV's conduct. We therefore conclude that Bacon has failed to demonstrate any error in the trial court's summary judgment ruling.

DISPOSITION

The judgment is affirmed.  In the interests of justice, the parties shall bear their own costs on appeal.

BUCHANAN, J.

WE CONCUR:


IRION, Acting P. J.


DO, J.